**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEVEN PAUL SPEIDEL, ) | |
| ) | |
| Petitioner, ) | 3:09-cv-00090-LRH-VPC |
| ) | |
| vs. ) | ORDER |
| ) | |
| JACK PALMER, *et al.*, ) | |
| ) | |
| Respondents. ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by Steven Paul Speidel, a Nevada state prisoner. Before the Court is respondents' motion to dismiss the petition. (Docket #8). Petitioner has filed a response (Docket #12) to the motion to dismiss and a motion for leave to file a late pleading (Docket #11). Respondents have filed a reply regarding the motion to dismiss. (Docket #15).

**I.     Procedural Background**

On May 16, 2006, in case number C221078, petitioner was charged with two counts of burglary. (Exhibit A). On September 30, 2006, petitioner executed a guilty plea agreement in which he agreed to plead guilty to one count of burglary (in the conviction challenged in the instant petition), and also agreed to plead guilty to possession of a stolen vehicle, robbery, forgery, and burglary in three other case numbers. (Exhibit B). The guilty plea agreement states:

> The Defendant will stipulate to adjudication under the "small" habitual criminal statute (Category B Felony – NRS 207.010) in the instant case. Further, both parties stipulate that Defendant will be sentenced to a term of eight (8) to twenty (20) years in the Nevada Department of

Corrections, running concurrent to Case No.'s C222312, C207167, 05F09467X and 06F10492X.

(Exhibit B, at p. 2). A sentencing hearing was held on November 13, 2006. (Exhibit C). The judgment of conviction was entered on November 17, 2006. (Exhibit D). Petitioner did not file a direct appeal.

On November 9, 2007, petitioner filed a motion to vacate or modify sentence in the state district court. (Exhibit E). On November 19, 2007, the state district court denied the motion, and on December 18, 2007, the court entered its order denying the motion to vacate/modify sentence. (Exhibits G and H). Petitioner filed a motion seeking counsel and a motion for reconsideration. (Exhibits I and J). On December 26, 2007, the state district court entered a minute order denying petitioner's motion for counsel and motion for reconsideration. (Exhibit L). On January 14, 2008, petitioner filed a notice of appeal. (Exhibit M). On January 29, 2008, the district court entered a written order denying the motions. (Exhibit N).

On June 30, 2008, petitioner filed a motion to correct an illegal sentence. (Exhibit O). The motion is similar to petitioner's former motion to vacate/modify judgment. (Exhibits E and O). The motion specifically referenced NRS 176.555, correction of an illegal sentence. (Exhibit O). On July 31, 2008, the state district court filed its findings of fact and conclusions of law, denying the motion to correct an illegal sentence. (Exhibit R). On August 15, 2008, petitioner filed a notice of appeal of the state district court's denial of his motion to correct an illegal sentence. (Exhibit S).

On August 4, 2008, the Nevada Supreme Court affirmed the state district court's December 18, 2007 order denying petitioner's motion to vacate or modify sentence. (Exhibit T). Remittitur issue on August 29, 2008. (Exhibit U). On December 30, 2008, the Nevada Supreme Court affirmed the state district court's denial of petitioner's motion to correct an illegal sentence. (Exhibit V). Remittitur issued on January 27, 2009. (Exhibit W).

///

///

**II.    Discussion**

    **A.  AEDPA Statute of Limitations**

Respondents argue that the petition is untimely on the theory that petitioner's motion to vacate/modify judgment and motion to correct an illegal sentence, both filed in state district court, did not toll the AEDPA statute of limitations.

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

Where a petition is untimely, the court may only consider it if petitioner can demonstrate that extraordinary circumstances beyond his control made it impossible to file the petition on time. *See Beeler*, 128 F.3d at 1288. Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

In the instant case, respondents argue that petitioner's motion to vacate/modify sentence and his motion to correct an illegal sentence are not applications for state postconviction relief or other collateral review, and therefore the motions did not toll the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2). Respondents have cited no federal authority binding on this Court that has held that motions to correct an illegal sentence do not statutorily toll the AEDPA statute of limitations, for purposes of 28 U.S.C. § 2244(d)(2). Rather, there is Ninth Circuit authority to the contrary. *Tillema v. Long*, 253 F.3d 494 (9th Cir. 2001) (finding that a motion to correct illegal sentence statutorily tolls AEDPA statute of limitations). In *Tillema v. Long*, 253 F.3d 494, the Ninth Circuit treated a motion to correct an illegal sentence under Nevada law as a collateral attack under § 2244(d)(2), allowing the motion to toll the AEDPA statute of limitations. The Court in *Tillema* agreed with petitioner's contention that a " . . . . Motion to Vacate Illegal Sentence . . . was a 'properly filed application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)." *Id.* at 498. "Because Tillema's motion to vacate [illegal sentence] tolled the AEDPA's limitation period . . . the instant petition . . . was timely, and should not have been dismissed." *Id.* at 502. This Court declines to rule that petitioner's motion to vacate/modify sentence and his motion to correct an illegal sentence failed to toll the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2). As such, the federal petition was not untimely.

**B. Exhaustion**

Respondents argue that petitioner's motion to vacate/modify sentence and his motion to correct an illegal sentence did not exhaust the claims raised in petitioner's federal habeas petition.

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28

4

U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court."  *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.  *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights.  *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."  *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based.  *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory.  *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

Exhaustion cannot be achieved by a procedurally deficient or improper means.  *Castille v. Peoples*, 489 U.S. 346 (1989).  A state may mandate a particular procedure to be used to the

1  exclusion of other avenues for seeking relief, so long as the right of review is not foreclosed or
2  unduly limited. *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987). Presenting an issue to the
3  state's highest court by way of a statutorily deviating path will not exhaust state remedies. *Id; see*
4  *also Lindquist v. Gardner*, 770 F.2d 876, 878 (9th Cir. 1985).

In the instant case, petitioner alleges in his federal petition that his due process and equal protection rights were violated as a result of entering into a guilty plea stipulation. Petitioner argues that his plea was not knowingly and intelligently entered. (Petition, at Docket #4). The Nevada Supreme Court denied petitioner's appeal from the denial of his motion to vacate or modify sentencing. (Exhibit T). In denying the appeal, the Nevada Supreme Court refused to consider petitioner's arguments regarding the voluntariness of his plea, that he was not aware of the provisions of NRS 207.010, the right to have a hearing on the prior convictions, and the types of prior offenses that could be relied upon. (Exhibit T, at p. 2). These same substantive claims are raised in petitioner's federal petition. (Docket #4). The Nevada Supreme Court noted that NRS 34.724(2)(b) provides a post-conviction habeas petition to challenge the validity of a conviction or sentence, but petitioner failed to file such a petition. The Nevada Supreme Court, citing NRS 34.724(2)(a), construed petitioner's "motion to vacate or modify sentence" as a motion to correct an illegal sentence, which "may only challenge the facial legality of the sentence: either the district court was without jurisdiction to impose a sentence or the sentence was imposed in excess of the statutory minimum." (Exhibit T, at p. 2). The Nevada Supreme Court went on to rule that:

> A motion to correct an illegal sentence presupposes a valid conviction and may not, therefore, be used to challenge errors in proceedings that occur prior to the imposition of sentence. A motion to modify a sentence is limited in scope to sentences based on mistaken assumptions about a defendant's criminal record which work to the defendant's extreme detriment.

(Exhibit T, at pp. 2-3) (internal quotes and citation omitted). The Nevada Supreme Court ruled that: "Appellant may not challenge the validity of his guilty plea in a motion to vacate, correct or modify the sentence." (Exhibit T, at p. 3). The Court held that petitioner's sentence was facially legal, and

that petitioner did not demonstrate that the district court was not a competent court of jurisdiction. (Exhibit T, at p. 3).

Similarly, in ruling on petitioner's appeal from the denial of his second motion to correct an illegal sentence, the Nevada Supreme Court explained that "[a] motion to correct an illegal sentence may only challenge the facial legality of the sentence: either the district court was without jurisdiction to impose a sentence or the sentence was imposed in excess of the statutory maximum." (Exhibit V, at p. 2). The Nevada Supreme Court held that "appellant's claims fell outside the scope of claims permissible in a motion to correct an illegal sentence." (Exhibit V, at p. 3). The Court once again refused to consider issues regarding whether petitioner's guilty plea was knowingly entered, and denied the appeal. (*Id.*).

The Nevada Supreme Court's orders indicate that petitioner attempted a procedurally improper means of exhaustion. Petitioner failed to file a post-conviction habeas corpus petition, which is the proper means for challenging the validity of his conviction or sentence. NRS 34.724(2)(b). Exhaustion cannot be achieved by a procedurally deficient or improper means. *Castille v. Peoples*, 489 U.S. 346 (1989). A state may mandate a particular procedure to be used to the exclusion of other avenues for seeking relief, so long as the right of review is not foreclosed or unduly limited. *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987). Presenting an issue to the state's highest court by way of a statutorily deviating path will not exhaust state remedies. *Id; see also Lindquist v. Gardner*, 770 F.2d 876, 878 (9th Cir. 1985). Petitioner did not follow Nevada's procedure for challenging his conviction, therefore, his motion to vacate or modify sentence and his motion to correct an illegal sentence did not exhaust state remedies. The Court is obligated to dismiss a petition that contains no exhausted claims. *Valerio v. Crawford*, 306 F.3d 742, 770 (9th Cir. 2002) (en banc). Because petitioner attempted a procedurally improper means of exhaustion, rendering the entire federal petition unexhausted, and the petition will be dismissed by this Court.

**IT IS THEREFORE ORDERED** that petitioner's motion to file a late pleading (Docket #11) is **GRANTED**, to the extent that this Court considered petitioner's response to the motion to dismiss.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (Docket #8) is **GRANTED** on grounds that the entire petition is unexhausted.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

DATED this 10th day of November, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE